[L. A. No. 5797. In Bank.—July 6, 1921.]

FRANK WHITAKER, Respondent, v. TITLE INSUR-
ANCE AND TRUST COMPANY (a Corporation),
Appellant.

[1] TITLE INSURANCE—GUARANTY SUBJECT TO VALIDITY OF LEGAL PRO-
CEEDINGS—OPINION OF ATTORNEYS AS TO VALIDITY—NONLIABILITY
FROM RECITAL IN CERTIFICATE.—A title insurance company cannot
be held liable for failure of title under a certificate guaranteeing
the title subject to the validity of certain legal proceedings set
forth in the certificate which had been determined in favor of
the insured, by the mere statement in the certificate at the end
of such recital that the proceedings were valid in the opinion of
the attorneys of the insurance company.

[2] ID.—ACTION FOR DAMAGES—EVIDENCE—LEGAL EFFECT OF CERTI-
FICATE—INADMISSIBILITY OF STATEMENTS OF ATTORNEY OF IN-
SURER.—In an action for damages for failure of title claimed
to have been covered and guaranteed by a certificate issued by a
title insurance company, statements made to the insured by the
head of the legal department of the company regarding the con-
tents of the certificate and its legal effect are inadmissible, in the
absence of a showing of authority on the part of such attorney
to interpret the contract of the company.

[3] ID.—INADMISSIBILITY OF STATEMENTS AS TO ASSIGNEE.—In an
action for damages for failure of title claimed to have been cov-
ered and guaranteed by a certificate issued by the defendant to
plaintiff's assignor, oral statements made by the head of the legal
department of the defendant to such assignor regarding the
contents of the certificate and its legal effect are inadmissible
where it is shown that plaintiff relied upon the certificate and
nothing else as to the title.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Paul J. McCormick, Judge. Reversed.

The facts are stated in the opinion of the court.

Chas. H. Brock, J. N. Hastings and O'Melveny, Millikin
& Tuller for Appellant.

James W. Bell for Respondent.

J. R. Scott and R. C. Springer, *Amici Curiae.*

1.   Law of title insurance, note, Ann. Cas. 1914D, 637.

SLOANE, J.—The defendant, Title Insurance & Trust Company, is appealing from a judgment in favor of the plaintiff and respondent, as damages for the failure of title to certain real property, claimed to have been covered and guaranteed by a certificate of title issued by the defendant company to plaintiff's assignor, one C. B. Williams.

The exact form of the transaction between plaintiff and his assignor was the assignment of a promissory note by the latter to the former for seven thousand dollars, secured by a mortgage upon the real property in question. The note and mortgage were executed to Williams by a corporation, the Caruthers Building Company, and was assigned to plaintiff by Williams without recourse. The corporation was insolvent. Its title to the mortgaged property failed, and the plaintiff here lost his investment in the note and mortgage amounting to $6,391, besides some further sum in attempting to realize on the security, by reason, as he claims, of relying upon the certificate of title issued by defendant company.

The question before us is the liability of the Title Insurance & Trust Company to the plaintiff upon the certificate of title.

There are many intricate questions raised on this appeal and elaborately briefed and argued, as to the nature and extent of the liability of title insurance and abstract companies in certifying, guaranteeing or insuring titles to real estate, and as to the rights of third parties relying upon such certificates as successors in interest to the persons to whom such certificates are directly issued.

Under our interpretation of the terms of this contract, however, it will be unnecessary to discuss most of the points presented.

[1] Conceding, without deciding, that the plaintiff is entitled to the full benefit of the certificate issued to his assignor, his rights in the premises are limited to the express terms of the document. Instead of guaranteeing or insuring against the adverse claims to this real property which eventually defeated plaintiff's security, the certificate of the Title Company is expressly made subject thereto.

The certificate on its face purports to have been issued to Caruthers Building Company, a corporation, and C. B. Williams. After reciting the examination of the various

186 Cal.—28

official records pertaining to this title, the document provides that "The Title Insurance & Trust Company hereby guarantees that said title as appears from said records is vested in Caruthers Building Company, a corporation, subject to matters set forth in note following description." The note referred to is as follows:

"Note.

"On November 16th, 1906, suit was begun in the Superior Court in and for said county, Case No. 54219, by William Reid, plaintiff, vs. C. B. Williams et al., defendants, wherein it was sought to obtain judgment declaring a certain deed theretofore executed by plaintiff to be a mortgage and to quiet title to lands above described in plaintiff. Notice of the pendency of said action was recorded in the recorder's office of said county on November 16th, 1906. Judgment for plaintiff was filed March 17th, 1909. Motion for new trial was made and a new trial granted February 21st, 1911. Judgment was rendered May 18th, 1911, by stipulation of the parties whereby it was adjudged that defendant C. B. Williams was the owner of said lands at the date of the beginning of said action, and at all times during the pendency of said action and at the date of said judgment and that plaintiff take nothing by said action. Said Williams being the immediate grantor of the vestee herein. On August 22d, 1909, William Reid executed a deed of said lands to William A. Hunter. On August 24th, 1909, William A. Hunter and wife executed a trust deed of said lands to Union Trust & Realty Company, to secure a note for thirty-two hundred dollars ($3200.00), in favor of German American Savings Bank. On October 24th, 1910, the Union Trust and Realty Company executed a deed to Parley M. Johnson, which deed contains recital as to default payment of indebtedness secured by said trust deed and sale thereunder. In the opinion of the attorneys for said company, said Parley M. Johnson obtained no title to said lands by reason of sale and deed to him."

Granting plaintiff the fullest recourse against defendant company, the foregoing is all he has to rely upon.

The effect of this reference to the litigation of an adverse claim to real property was to inform the beneficiaries of the certificate that their title otherwise guaranteed was subject to the validity of the judgment in their favor in

said action which the Title Company was unwilling to insure, but which it states, in the opinion of its attorneys, was good.

To put the matter more simply, the Title Company, in effect says: ''We guarantee that your title to this property is good, subject to the validity of certain legal proceedings determined in your favor and which in the opinion of our attorneys confirm your title, but the conclusiveness of which we do not vouch for.''

Is it not plain that the only representation as to the effect of this litigation the defendant could be held for would be the truthfulness of the statement that such was the opinion of their attorneys? There could have been no purpose in qualifying this general guaranty of title by making it subject to the proceeding set out in the note other than as a reservation to the guaranty of any failure of title that might arise under this litigation. At best, all the plaintiff has to rely upon here is the opinion of the abstract company or its attorneys, and there is no showing that such opinion was not held and given in good faith.

There are allegations in the complaint that the recitals regarding the adverse claims on this property failed to set forth certain details of the litigation which, if stated, would have informed persons relying upon the certificate that the judgment in favor of plaintiff's assignor had not become final; and it is averred that the certificate ''was so framed for the express purpose of aiding said Caruthers Building Co. and said C. B. Williams in selling and disposing of said lands and said note and mortgage, and with the intention of inducing third parties to purchase the same.'' But the certificate does not purport to give the full record or legal effect of the court proceedings or to be even an abstract of the record; and we find no evidence in the case to justify a finding of conspiracy or fraud.

[2] Testimony of C. B. Williams was admitted in behalf of plaintiff and over the objection of defendant as to certain oral statements made by the head of the legal department of the defendant company regarding the contents of the certificate and its legal effect.

These conversations were inadmissible, being an attempt to vary the terms of a written instrument, and because no showing was made of authority on the part of the head of

the legal department to interpret the contract of the corporation. [3] But even if competent to show an attempt to mislead Williams, the immediate beneficiary of the certificate of title, they can be of no avail to the plaintiff here because they do not appear to have been made or communicated to the plaintiff, and in testifying in his own behalf he stated repeatedly that in purchasing the note and mortgage he relied upon this certificate of the abstract company "and nothing else" as to the title to the real property.

If these conversations tended to establish fraud, it was fraud upon Williams, and the plaintiff has not succeeded by assignment or otherwise to any cause of action which Williams might have for fraud, particularly as he was in nowise informed of or misled by the representations, but relied solely upon the terms of the written instrument.

And this, as has been pointed out, contained a reservation as to the adverse claim of title under which plaintiff's title was defeated, that the defendant company only assumed to give it as the opinion of its attorneys that the adverse claim was unfounded, and does not even adopt such opinion as its own.

It may be conceded that a layman acting without legal advice might easily be, and in this instance doubtless was, mistaken as to the legal effect of such an expression, but the language is not ambiguous or misleading and does not impose upon the defendant, in the absence of proof that the plaintiff was deceived by fraudulent misrepresentations, the responsibility of an insurer or guarantor of title.

The judgment is reversed.

Wilbur, J., Lennon, J., Shaw, J., and Angellotti, C. J., concurred.